NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3045

WAYNE C. HAWKES,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

--------------------------------------------------------------------------------------------------

2007-3184

WAYNE C. HAWKES,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

Wayne C. Hawkes, of Davis, California, pro se in 2007-3045 and 2007-3184.

James W. Poirier, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent in 2007-3045.  Leslie Cayer Ohta, Trial Attorney, for respondent in 2007-3184.  With them on the briefs were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3045

WAYNE C. HAWKES,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

--------------------------------------------------------------------------------------------------------------------

2007-3184

WAYNE C. HAWKES,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

_____

DECIDED: November 7, 2007
_____

Before BRYSON, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

PER CURIAM.

Wayne C. Hawkes has filed two petitions to this court from decisions of the Merit Systems Protection Board, in Nos. SF-1221-02-0558-M-1 and SF-1221-06-0415-W-2. Both petitions pertain to allegations by Dr. Hawkes that he has been subjected to adverse personnel actions because of disclosures he has made regarding agency misconduct, in violation of the Whistleblower Protection Act. The Board has addressed his several claims in great detail in two lengthy and carefully reasoned opinions by administrative judge Craig A. Berg. In his order, the administrative judge granted relief to Dr. Hawkes on one of his claims, but held that most of his claims did not give rise to a right to relief. Although Dr. Hawkes has raised a number of objections to the Board's disposition of his two appeals, we affirm the decision of the Board in both cases, holding that the administrative judge's findings are supported by substantial evidence and are not infected by legal error.

BACKGROUND

Dr. Hawkes has served as a research chemist with the U.S. Department of Agriculture, working since 1994 at the Western Human Nutrition Research Center in California. In 1995, Dr. Hawkes made a disclosure to the California Office of Safety and Health Administration pertaining to safety concerns he had regarding a study that the Research Center was planning to conduct involving the HIV virus. That disclosure led to an inspection of the Research Center by state and federal agencies, resulting in the issuance of recommendations regarding certain safety shortcomings at the Center. Subsequently, Dr. Hawkes made additional disclosures relating to computer security at the agency.

Between 1997 and 2000, the agency took several steps that Dr. Hawkes regarded as retaliation for his disclosures. He was removed from the Health and Safety Committee and the Operations Oversight Committee at the Research Center, he was removed as Acting Manager of the Bioanalytical Support Laboratory, and he lost supervisory responsibility over a subordinate employee. In addition, the agency suspended him for 14 days on charges relating to an inappropriate e-mail he had sent to various recipients within the agency.

In 2001, Dr. Hawkes filed an Individual Right of Action appeal with the Merit Systems Protection Board in which he contended that the agency's allegedly retaliatory acts violated the Whistleblower Protection Act. The Board denied relief. On appeal, this court upheld the Board's decision in several respects, but vacated the Board's order and remanded the case to the Board for further proceedings on one aspect of Dr. Hawkes' claim. In particular, this court directed the Board to address Dr. Hawkes' argument that his protected disclosure to the California Office of Safety and Health Administration was a contributing factor in the agency's decision to remove him from "various positions at the Center," specifically, his positions as Acting Director of the Bioanalytical Support Laboratory, as a member of the Operations Oversight Committee and the Health and Safety Committee, and his other supervisory responsibilities. Hawkes v. Dep't of Agric., 116 Fed. Appx. 264 (Fed. Cir. 2004).

In the remand proceedings, the administrative judge conducted a detailed review of the evidence relating to the remanded issues and reached the following conclusions: (1) that the agency had shown by clear and convincing evidence that it would have removed Dr. Hawkes from the Health and Safety Committee even in the absence of his

protected disclosures; (2) that the agency had shown by clear and convincing evidence that it would have reassigned the subordinate employee from Dr. Hawkes' supervision even in the absence of his protected disclosures; (3) that the agency had shown by clear and convincing evidence that it would have removed Dr. Hawkes from the position of Acting Manager of the Bioanalytical Support Laboratory even in the absence of his protected disclosures; and (4) that the agency had failed to show by clear and convincing evidence that it would have removed Dr. Hawkes from the Operations Oversight Committee in the absence of the protected disclosures. Based on those findings, the administrative judge ordered specific relief with regard to Dr. Hawkes' position on the Operations Oversight team, but otherwise denied his claim. On Dr. Hawkes' petition for review, the full Board sustained the administrative judge's decision on the merits of the whistleblowing claims but remanded for further proceedings on Dr. Hawkes' request for consequential damages and forwarded to the regional office Dr. Hawkes' allegations that the agency had not complied with the interim relief, directing that those allegations be treated as a petition for enforcement of a Board order. The administrative judge subsequently ordered the agency to pay Dr. Hawkes $1648.61 in consequential damages and $3116.27 in attorney fees and costs. Dr. Hawkes now petitions for this court to review the Board's decision on remand.

While he was pressing his claims on remand, Dr. Hawkes filed a new Individual Right of Action Appeal with the Board in March 2006, in which he alleged that he made a protected disclosure of violations of various safety regulations in July 2005 and that the agency took adverse personnel actions against him in retaliation for that disclosure as well as the previous disclosures. That appeal was also assigned to administrative

judge Berg. After a hearing, the administrative judge issued an initial decision on February 13, 2007, in which he denied Dr. Hawkes' request for corrective action with respect to each of his specific claims. In particular, the administrative judge ruled (1) that Dr. Hawkes had failed to show that his disclosures were a contributing factor in the agency's decisions not to reclassify Dr. Hawkes' position or to promote him; (2) the alleged threat to disband the Research Center's Health and Safety Committee did not constitute a "personnel action" within the meaning of the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), and even assuming that it did, the agency had shown by clear and convincing evidence that it would have discussed the possibility of disbanding the Health and Safety Committee even in the absence of Dr. Hawkes' disclosures; (3) that there was "overwhelming evidence" that there was no connection between an incident of oral counseling of Dr. Hawkes by a superior and Dr. Hawkes' whistleblowing disclosures, and that the agency had shown by clear and convincing evidence that it would have held the oral counseling session with Dr. Hawkes even in the absence of any of his disclosures; and (4) that the agency's January 2006 rating of Dr. Hawkes' performance as "unacceptable," and its subsequent act of placing him on a Performance Improvement Plan ("PIP"), the administrative judge was "left with the firm conviction that, even in the absence of the appellant's disclosures, the agency would have given him an unacceptable rating for 2005 and placed him on a PIP." Dr. Hawkes did not seek review of the initial decision by the full Board, but petitioned directly to this court for review.

DISCUSSION

Appeal No. 2007-3045. Dr. Hawkes' first appeal is from the Board's decision following the remand from this court's 2004 order. In the 2004 decision, this court upheld the Board decision that was under review in all but one respect—we found it necessary to remand to the Board for a decision as to whether Dr. Hawkes' disclosure to the California Office of Safety and Health Administration contributed to four specific agency actions taken against Dr. Hawkes. The administrative judge conducted a comprehensive review of the evidence pertaining to that issue and ruled in Dr. Hawkes' favor with respect to one of the agency actions and against him with respect to the other three. We are fully satisfied that substantial evidence supports the administrative judge's conclusions as to each of the three contested actions on which the administrative judge ruled against him, and we sustain the administrative judge's decisions on those issues for the reasons given in the administrative judge's opinion.

In his brief, Dr. Hawkes seeks to raise a large number of other issues, such as the propriety of the 14-day suspension imposed on him based on charges relating to an e-mail he sent to co-workers containing jokes with sexually oriented themes. Those issues, however, were not within the scope of this court's remand to the Board, and it was therefore proper for the Board to decline to address those issues. The issue regarding the 14-day suspension was raised and fully addressed in our earlier opinion, where we upheld the administrative judge's decision that the agency had proved by clear and convincing evidence that it would have imposed the 14-day suspension even in the absence of the protected disclosures. Other issues were either not raised in the

earlier appeal or were not included within the scope of the remand. The Board was therefore correct not to address those issues in the course of the remand proceedings.

Appeal No. 2007-3184. Dr. Hawkes' second appeal relates to complaints that arose after the first appeal. Dr. Hawkes' principal contention in the second appeal is that the denial of graduate student support and the delay of his research project, which he contends were acts of reprisal for his earlier disclosures, contributed to his low research productivity, which in turn contributed to the agency's denying him a promotion.

The administrative judge addressed Dr. Hawkes' argument in the opinion in the second appeal, noting that Dr. Hawkes had argued that his earlier disclosures were a contributing factor in the denial of his promotions and the failure to upgrade his position, because the agency had allegedly interfered with his ability to do the research necessary to warrant those benefits. The administrative judge concluded, however, that Dr. Hawkes had "presented no specific evidence supporting his claim that any delay in his research or any study he planned was connected to his whistleblowing, and thus his contention does not support a finding that the 'contributing factor' criteria was satisfied." The administrative judge's assessment of the evidence bearing on that issue is reasonable, and we therefore conclude that substantial evidence supports the administrative judge's conclusion that Dr. Hawkes failed to show that his protected disclosures contributed to the agency's act of denying him a promotion.