## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PETER J. MAY,
                        Appellant,

        v.

DEPARTMENT OF JUSTICE,
                        Agency.

DOCKET NUMBER
NY-1221-23-0171-W-1

DATE:  February 19, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

Peter J. May, Rockville Centre, New York, pro se.

Megan H. Eyes, Esquire, Springfield, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the administrative judge's findings that the appellant (1) did not

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

exhaust administrative remedies for his whistleblower reprisal claims pertaining to allegedly illegal border searches, and (2) did not nonfrivolously allege that he made a protected disclosure, FIND that the appellant established jurisdiction over his appeal, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant is a former Special Agent with the Drug Enforcement Administration (DEA) who retired in 2014. Initial Appeal File (IAF), Tab 5 at 13, Tab 11 at 6. After filing a whistleblower reprisal complaint with the Office of Special Counsel (OSC) and receiving OSC's July 11, 2023 close-out letter, the appellant timely filed this appeal.[2] IAF, Tab 1, Tab 5 at 6-7. After receiving the parties' jurisdiction-related pleadings, the administrative judge dismissed the appeal for lack of jurisdiction, finding that, notwithstanding OSC's description of the appellant's whistleblower reprisal claims in its right-to-file letter, the appellant did not exhaust administrative remedies for those claims. IAF, Tab 13, Initial Decision (ID) at 8-9. She nevertheless also found that the appellant did not nonfrivolously allege that he made a protected disclosure or engaged in protected activity. ID at 8-12.

The appellant filed a petition for review arguing, among other things, that the administrative judge erred in finding that he did not nonfrivolously allege whistleblower reprisal. Petition for Review (PFR) File, Tabs 1-2. His petition focuses on his claims that, as a result of his April 22, 2013 disclosure to his Associate Special Agent-in-Charge (ASAC) that "border checkpoint" searches of passengers transiting John F. Kennedy International Airport (JFKIA) by the

---

[2] The U.S. Court of Appeals for the Federal Circuit affirmed the Board's jurisdictional dismissal of a 2016 appeal in which the appellant asserted the same or similar whistleblower reprisal claims at issue here, finding, in relevant part, that the appellant had not exhausted administrative remedies with OSC before filing that appeal. *May v. Merit Systems Protection Board*, No. 2023-1709, 2024 WL 4128838 (Fed. Cir. Sept. 10, 2024). The Federal Circuit decision has no direct bearing on the issues in this case.

Department of Homeland Security (DHS) with DEA assistance violated the Fourth Amendment to the U.S. Constitution, and his refusal to order his agents to participate in one such search on April 11, 2013, he was terminated from his position as Acting Group Supervisor (AGS), not selected for promotion, involuntarily transferred, and issued a letter of counseling. PFR File, Tab 2 at 2-4. He further argues that he exhausted his administrative remedies regarding this claim. *Id.* at 4-5. The agency filed a response. PFR File, Tab 4.

<u>The appellant exhausted administrative remedies for his whistleblower reprisal claims pertaining to border searches.</u>

An appellant in an IRA appeal must exhaust administrative remedies by seeking corrective action from OSC before seeking corrective action from the Board. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Id.* The Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC. *Id.* The appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. *Id.*, ¶ 11.

Though observing that it "appear[ed] that the appellant exhausted his remedies before [] OSC" for claims described in OSC's right-to-file letter, which included his claim of termination as AGS for refusing to send agents to conduct an April 11, 2013 border search at JFKIA with DHS, the administrative judge nevertheless found that the appellant did not exhaust administrative remedies for this claim because he "failed to provide essential details to support [] OSC's characterization of his claim." ID at 8-9. We disagree, find that the administrative judge improperly deviated from the *Chambers* standard, and find that the appellant proved exhaustion of his whistleblower reprisal claims related to the border searches by preponderant evidence.

An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 7. An appellant may also establish exhaustion through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal. *Id.* Although the appellant did not file a copy of his OSC complaint, as discussed, OSC's right-to-file letter shows that the appellant raised with OSC at least a general claim of termination as AGS for refusing to send agents to an April 11, 2013 border search at JFKIA. IAF, Tab 5 at 6.

But there is more. In a sworn declaration he provided in response to the administrative judge's order on jurisdiction, the appellant listed documents he claimed to have provided to OSC. IAF, Tab 11 at 3, 8-9. The appellant's whistleblower reprisal claims related to the border searches are detailed at length in those documents. IAF, Tab 5 at 14-16, 20-25, 32, 34, 39-40. Even if OSC's right-to-file letter did not describe this allegation in its entirety, nothing in the record refutes the appellant's sworn assertions about matters he raised with OSC. We thus find that the appellant proved by preponderant evidence that he provided OSC with sufficient basis to pursue an investigation, thereby exhausting administrative remedies regarding these claims.

<u>The appellant nonfrivolously alleged that he made a protected disclosure that was a contributing factor in personnel actions.</u>

If an appellant has exhausted his administrative remedies before OSC, he can establish Board jurisdiction over an IRA appeal by nonfrivolously alleging that: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor

in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Chambers*, 2022 MSPB 8, ¶ 14. Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 6 (2016). A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of fact that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Skarada*, 2022 MSPB 17, ¶ 12.

Although the appellant only vaguely asserted his whistleblower reprisal claims related to border searches in the text of his jurisdictional pleadings, his claims appeared in further detail in exhibits he attached to and pointed to in those pleadings, which we will consider on the question of jurisdiction. IAF, Tab 5 at 14-16, 20-25, 32, 34, 39-40, Tab 11 at 5-6; *see Jones v. Merit Systems Protection Board*, 103 F.4th 984, 999-1000 (4th Cir. 2024) (stating that an assessment of an employee's allegations for determining Board jurisdiction should include examination of exhibits and documents incorporated by reference in initial appellant filings and jurisdictional briefings). The appellant asserted in detail in those exhibits that during an April 22, 2013 meeting, he disclosed to the ASAC that he decided, as the AGS responsible for a DEA agent group covering JFKIA, not to assign agents to an April 11, 2013 DHS search of an incoming flight because, for one reason, it constituted a search for evidence of narcotics trafficking without probable cause in violation of the Fourth Amendment. IAF, Tab 5 at 15-16, 23-24. The appellant explained that his belief in the illegality of the search was informed by his knowledge of the Fourth Amendment and various experiences as a DEA agent covering JFKIA. *Id.* at 40. He also argued that the decision in *City of Indianapolis v. Edmond*, 531 U.S. 32 (2000), evidences the reasonableness of his belief. IAF, Tab 5 at 40. In that case, the U.S. Supreme Court held that a city's vehicle checkpoint program for the interdiction of

unlawful drugs violated the Fourth Amendment because its primary purpose was indistinguishable from the general interest in crime control. *Edmond*, 531 U.S. at 34, 48. We find that these assertions nonfrivolously allege that the appellant made a disclosure, protected under 5 U.S.C. § 2302(b)(8)(A)(i), of information he reasonably believed evidenced a violation of law.

To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure was one factor that tended to affect a personnel action in any way. *Chambers*, 2022 MSPB 8, ¶ 14. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Id.*, ¶ 15. The Board has held that personnel actions occurring within 1 to 2 years after the protected disclosures are sufficient to meet the timing portion of the test. *Abernathy v. Department of the Army*, 2022 MSPB 37, ¶ 15.

We find that the appellant nonfrivolously alleged that his termination from the AGS role, in which, as exemplified by his actions on April 11, 2013, he was authorized to direct the actions of subordinate agents, constituted a "significant change in duties, responsibilities, or working conditions," and was thus a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii). *See Hawkes v. Department of Agriculture*, 103 M.S.P.R. 345, ¶¶ 5, 10 (2006) (finding correct an administrative judge's determination that the termination of an appellant's assignment as Acting Manager was a personnel action), *aff'd*, 253 F. App'x 939 (Fed. Cir. 2007). The appellant also nonfrivolously alleged that the promotion he was allegedly denied and the transfer were personnel actions under 5 U.S.C. § 2302(a)(2)(A)(ii) and (iv), respectively. We find, however, that the appellant

did not nonfrivolously allege below that the June 26, 2013 memorandum of counseling issued to him by the ASAC, which was not alleged to be a formal disciplinary action, constituted a personnel action.[3] *See Johnson v. Department of Health and Human Services*, 87 M.S.P.R. 204, ¶ 11 (2000) ("A memorandum of oral counseling is not a formal disciplinary action under 5 U.S.C. § 2302(a)(2), and, thus, it does not constitute a 'personnel action.'").

Finally, the appellant nonfrivolously alleged that the termination as AGS, nonselection, and transfer were effected due to his whistleblowing either by the ASAC or as a result of the ASAC's influence, all by the end of June 2013. IAF, Tab 5 at 24, 34, 39-40. We thus find that the appellant nonfrivolously alleged contributing factor through the knowledge/timing test and established jurisdiction over his appeal.

The appellant did not nonfrivolously allege that he engaged in activity protected under 5 U.S.C. § 2302(b)(9)(D).

As mentioned previously, the appellant also asserts that as a result of his refusal to order his agents to participate in one allegedly illegal border search on April 11, 2013, he was subjected to various personnel actions. PFR File, Tab 2 at 2-5. We interpret this to be a claim under 5 U.S.C. § 2302(b)(9)(D) but conclude that the appellant did not nonfrivolously allege that he engaged in activity protected under that subsection, i.e., that he refused to obey an order that would require him to violate a law. The appellant claimed below that the agency

---

[3] With his petition for review, the appellant submits three documents for the first time. PFR File, Tab 1 at 12-16. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The appellant offers no explanation for not submitting these documents, which predate his appeal, below. Nevertheless, the documents do nothing to establish jurisdiction regarding any matter over which we deny jurisdiction in this order. This is not to say that the appellant may not submit these documents into the record on remand for consideration on the issues to be adjudicated there. Any such filing must be consistent with the Board's regulations and the administrative judge's instructions.

took personnel actions against him because, in addition to his protected disclosure, he refused to obey the ASAC's order to participate in border searches that would have required his violation of the Fourth Amendment. IAF, Tab 5 at 39. But in the memoranda the appellant specifically identified as detailing the alleged order he refused to follow, *id.*, there is no description of an order related to the searches that he refused to obey. Rather, he asserted that DEA assisted with such searches pursuant to a DEA-DHS agreement, and that in exercising his authority as AGS, he "decided" not to assign any agents to the April 11, 2013 search because the search violated the Fourth Amendment, as well as the terms of the interagency agreement. *Id.* at 14, 16, 21-22, 24. The appellant also asserted that the ASAC decided to terminate him from his AGS role because he "made a poor decision," and not because he refused to follow an order. *Id.* at 16, 24. Finally, the appellant did not repeat his assertion that he refused to follow an order on review, but rather argued that what he refused to do was to order *his subordinates* to violate the law. PFR File, Tab 2 at 5. We thus find that the appellant's section 2302(b)(9)(D) claim was conclusory and facially implausible, and thus was not nonfrivolously alleged. *See* 5 C.F.R. § 1201.4(s) (stating that a nonfrivolous allegation is, among other things, more than conclusory and plausible on its face); *see also Jones*, 103 F.4th at 1002 (stating that to be "plausible," a claimant must allege sufficient factual matter to nudge a claim across the line from conceivable to plausible) (citations omitted); *Conclusory*, Black's Law Dictionary (12th ed. 2024) ("Expressing a factual inference without stating the underlying facts on which the inference is based[.]").

Conclusion

We thus find that the appellant nonfrivolously alleged that his April 22, 2013 disclosure to the ASAC was a contributing factor in his termination as AGS, transfer, and denial of promotion,[4] and remand the appeal to the Northeastern

---

[4] We discern no further grounds for remand in the appellant's petition for review. Regarding the appellant's Title VII discrimination claims, the Board lacks the authority

Regional Office for adjudication on the merits. Upon remand, the administrative judge should provide the parties with an opportunity to address whether further discovery is needed to adjudicate this appeal.

We observe that the appellant indicated that he did not want a hearing on his appeal form and did not timely request one pursuant to the August 25, 2023 acknowledgement order, which specifically informed him that he had 10 days to submit a written request for a hearing or he would waive his right to one. IAF, Tab 1 at 2, Tab 2 at 4. The acknowledgment order also informed the appellant that extensions of filing dates would only be granted if requested in writing and good cause was shown. IAF, Tab 2 at 6. Failure to timely request a hearing will result in a waiver of that right when the appellant has not shown good cause for his failure. *Spradlin v. Office of Personnel Management*, 84 M.S.P.R. 279, ¶ 11 (1999). Based on the date of its postmark, the appellant filed his hearing request

to decide the merits of an appellant's allegation of prohibited discrimination in conjunction with an IRA appeal. *Maloney v. Executive Office of the President*, 2022 MSPB 26, ¶ 40; PFR File, Tab 2 at 4. Next, although the appellant only appears to raise the matter for purposes of background, the 2002 suspension of his security clearance was not a personnel action under 5 U.S.C. § 2302(a)(2)(A) and therefore cannot be reviewed in an IRA appeal. *Roach v. Department of the Army,* 82 M.S.P.R. 464, ¶¶ 48-54 (1999); PFR File, Tab 2 at 2. Further, although the Board will consider evidence of the conduct of an agency investigation when it is so closely related to a personnel action that it could have been pretext for gathering evidence to use to retaliate for whistleblowing, an investigation itself is not a personnel action under 5 U.S.C. § 2302(a)(2)(A). *Spivey v. Department of Justice*, 2022 MSPB 24, ¶¶ 10, 12. Because the appellant only claimed on review that the alleged retaliatory investigation resulted in the 2002 suspension of his security clearance, PFR File, Tab 2 at 2, he did not nonfrivolously allege a personnel action in connection with the investigation that would have given the Board jurisdiction over this claim. Finally, the appellant claims that he engaged in protected activity when he disclosed the Fourth Amendment violations to agency Office of Inspector General (OIG) investigators. *Id.* But the appellant indicates that he did not speak to OIG investigators until 2015, after his retirement in 2014 and the 2013 personnel actions at issue. PFR File, Tab 1 at 15, Tab 2 at 2. Even if we were to consider his claim, the appellant thus would not have nonfrivolously alleged that his communications with OIG were a contributing factor in any of the personnel actions at issue. *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 10 (2015) (explaining that, because the alleged personnel actions predated an appellant's protected disclosure, that disclosure could not have contributed to those actions), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

6 days late, without any showing of good cause to waive the deadline. IAF, Tab 5 at 3, 104; *see* 5 C.F.R. § 1201.4(l). On the other hand, the appellant was pro se, statements by the administrative judge below could have created ambiguity regarding whether there had been a decision on the appellant's hearing request, and the appellant made assertions regarding his difficulties filing his appeal and viewing pleadings on e-Appeal Online. IAF, Tab 6 at 7, 9, Tab 11 at 4; ID at 11-12; PFR File, Tab 2 at 4. Under these circumstances, we find that the appellant should be afforded an opportunity to further show that there was good cause to waive the time limit to request a hearing.[5] *See Spradlin*, 84 M.S.P.R. 279, ¶ 11 (granting an appellant an opportunity to establish good cause to waive the deadline to request a hearing when, inter alia, she acted pro se at times and it was ambiguous whether there had been a decision on the appellant's hearing request). The administrative judge shall specifically rule on the appellant's hearing request and, as appropriate depending on that ruling, adjudicate the remanded issues after a hearing, or based on the written record after providing the parties the opportunity to file additional evidence and argument.

---

[5] To determine whether an appellant has shown good cause to waive the deadline for requesting a hearing, the administrative judge will consider the same factors typically considered in connection with waiver of the deadline for filing an appeal. *Beaudette v. Department of the Navy,* 5 M.S.P.R. 394, 397-98 (1981). The administrative judge should also consider whether any delay in the appellant's request may have been caused by the transition to the current e-Appeal Online system.

**ORDER**

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.